JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**RELEASED FOR PUBLICATION**

JUN 30 2003

**DOCKET NO. 1536**

FILED
CLERK'S OFFICE

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE SULFURIC ACID ANTITRUST LITIGATION*

*Galvanizers Co. v. Noranda, Inc., et al.,* N.D. Illinois, C.A. No. 1:03-1788
*Ohio Chemical Services, Inc. v. Norfalco, LLC, et al.,* N.D. Ohio, C.A. No. 1:03-332
*Independent Chemical Corp. v. Norfalco, LLC, et al.,* N.D. Ohio, C.A. No. 1:03-411

### *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ\* AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation currently consists of two actions pending in the Northern District of Ohio and one action pending in the Northern District of Illinois.[1] Plaintiffs in the two Ohio actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of Ohio. No responding party opposes centralization, though there are differences concerning the selection of the transferee district. Plaintiff in a Northern District of California potential tag-along action joins with movants in seeking centralization in the Ohio forum. Plaintiff in the Northern District of Illinois action, plaintiff in a Northern District of Illinois potential tag-along action, common defendant Norfalco LLC, and E.I. Du Pont de Nemours & Co. (a codefendant in the MDL-1536 Illinois action) all support selection of the Northern District of Illinois as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are purported class actions brought by plaintiffs who allege that defendants have engaged in a conspiracy to fix and maintain the price of sulfuric acid, a chemical substance used in making dyes, paints, explosives and fertilizers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

---

\*Judge Motz took no part in the disposition of this matter.

[1] The Panel has been notified of three additional related actions recently filed in the Northern District of California, the Northern District of Illinois and the Northern District of Ohio, respectively. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

IMAGED JUL 1 '03    OFFICIAL FILE COPY

- 2 -

In concluding that the Northern District of Illinois is an appropriate forum for this docket, we note that the Illinois district i) is an accessible and geographically central location for both the domestic and foreign MDL-1536 parties, and ii) is equipped with the resources that this complex antitrust docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions in this litigation pending in the Northern District of Ohio are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable David H. Coar for coordinated or consolidated pretrial proceedings with the constituent action pending there.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman